[Cite as *State v. Johnson*, 2016-Ohio-58.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     15CA010746 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALFONZO JOHNSON | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.    12CR086456 |

DECISION AND JOURNAL ENTRY

Dated: January 11, 2016

SCHAFER, Judge.

{¶1}  Defendant-Appellant, Alfonzo Johnson, appeals from his conviction in the Lorain County Court of Common Pleas.  For the reasons set forth below, we affirm.

I.

{¶2}  On February 7, 2013, the Lorain County Grand Jury indicted Johnson on the following: Counts I and II – aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree; and Count III – theft in violation of R.C. 2913.02(A)(1), a felony of the third degree.  The theft charge included a firearm specification in violation on R.C. 2941.141.  On June 20, 2013, the Lorain County Grand Jury issued a supplemental indictment containing the following charges: Counts IV and V – aggravated robbery in violation of R.C. 2911.01(A)(1).  Counts IV and V both included firearm specifications in violation of R.C. 2941.145.

{¶3}  These charges stemmed from events that transpired on July 31, 2012.  At that time, James Price III and Sharnel Tucker were living together with their two young children in a

house on Infirmary Road in Elyria, Ohio. On the day in question, Price saw Johnson riding down the street in a car. Price and Tucker did not know Johnson very well and knew him only as "Fonz." Johnson asked Price if he had seen a mutual friend named Brian, to which Price responded that he had not. After this brief encounter, Johnson proceeded driving down the street and Price returned to his house.

{¶4} Later that day, Johnson went to Price and Tucker's house and knocked on the backdoor looking for Brian. Price let Johnson into the house. After being in the house for a few minutes, Johnson pulled a revolver out of his pants, pointed it at Price, and ordered Price and Tucker to hand over their possessions. In response to this demand, Price gave Johnson the money in his pocket and both Price and Tucker gave Johnson their cellphones. Johnson also took a .9mm automatic handgun that he knew Price possessed before fleeing from the house.

{¶5} Price and Tucker reported the robbery to the police later that day. They provided the police with a basic description of Johnson and informed them that they only knew him as "Fonz." Acting on the police's advice, Price subsequently reached out to his friend Brian for more information on Johnson. Brian provided Price with Johnson's full name and Facebook picture. With this information, the police began researching Johnson in several databases. The police also created a photo lineup that included Johnson's photograph along with five other individuals with characteristics similar to Johnson's. Price and Tucker both positively identified Johnson as the man who had robbed them at gunpoint. The police then issued an arrest warrant for Johnson. Johnson was ultimately arrested on November 29, 2012.

{¶6} Johnson pled not guilty to the charges against him and the matter proceeded to a four-day jury trial. Just prior to trial, the State dismissed Counts I and II of the original indictment. At the close of the State's case-in-chief, Johnson made a motion for acquittal

pursuant to Crim.R.29, which the trial court denied. After presentation of all the evidence, the jury found Johnson guilty on all remaining counts in the indictment. At sentencing, the trial court merged Counts III and IV for the purposes of sentencing and imposed a total prison term of nine years.

{¶7} Johnson filed this timely appeal and raises two assignments of error for our review. As both assignments implicate similar issues, we elect to address them together.

## II.

### Assignment of Error I

**The guilty verdicts are against the manifest weight of the evidence in violation of Johnson's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio State Constitution.**

### Assignment of Error II

**The trial court erred in denying Mr. Johnson's motion for judgment of acquittal, pursuant to Criminal Rule 29, on Counts Three, Four and Five since they were not supported by sufficient evidence.**

{¶8} In his assignments of error, Johnson argues that his convictions are unsupported by sufficient evidence[1] and against the manifest weight of the evidence. We disagree.

{¶9} An appeal challenging the sufficiency of the State's evidence presented at trial is legally distinct from a manifest weight challenge. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). Accordingly, when applying the manifest weight standard, we are required to consider the whole record, "weigh the evidence and all reasonable inferences, consider the credibility of

---

[1] Although Johnson provides the "sufficiency of the evidence" standard in his appellate brief, he only argues that his multiple convictions were against the manifest weight of the evidence. For example, Johnson's brief discusses the police's failure to question certain witnesses and corroborate the victims' stories, the lack of physical evidence offered at trial, and the victims' veracity. These issues, however, implicate questions of credibility, not sufficiency. As such, we limit our review to Johnson's manifest weight challenge.

the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Courts are cautioned to only reverse a conviction on manifest weight grounds "in exceptional cases," *State v. Carson,* 9th Dist. Summit No. 26900, 2013–Ohio–5785, ¶ 32, citing *Otten* at 340, where the evidence "weighs heavily against the conviction," *Thompkins* at 387.

{¶10} Here, Johnson argues that his convictions were against the manifest weight of the evidence because the two victims in this matter could not remember certain details about the robbery and, at times, offered testimony that contradicted one another. For example, Price testified that he could not remember the exact date of the robbery and Tucker could not remember what Johnson was wearing or which phone she used to call the police afterward. Moreover, Tucker testified that Johnson pointed a non-automatic revolver at Price's chest during the robbery, whereas Price testified that Johnson brandished an automatic firearm.

{¶11} However, "[t]his Court has repeatedly held that the trier of fact is in the best position to determine the credibility of witnesses and evaluate their testimony accordingly." *State v. Johnson*, 9th Dist. Summit No. 25161, 2010-Ohio-3296, ¶ 15. Here, the jury apparently accepted the testimony of Price and Tucker. "The jury has the right to place considerable weight on the testimony of the victim." *State v. Felder*, 9th Dist. Lorain No. 91CA005230, 1992 WL 181016, *1 (July 29, 1992). Price and Tucker's respective testimony, if believed, supports the conclusion that Johnson robbed them at gunpoint and stole a firearm from their house before fleeing. Although Johnson attempted to show at trial that he was with his girlfriend on the day of the robbery and that Price and Tucker were not credible, the jury was free to disregard that theory.

**{¶12}** Thus, after reviewing the record, we cannot conclude that the jury lost its way and committed a manifest miscarriage of justice in convicting Johnson of theft, two counts of aggravated robbery, and the accompanying firearm specifications thereto. Accordingly, Johnson's first and second assignments of error are overruled.

III.

**{¶13}** Having overruled both of Johnson's assignments of error, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

DENISE G. WILMS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Asdsistant Prosecuting Attorney, for Appellee.